UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Mar 31, 2026**

SEAN F. McAVOY, CLERK

KYLE C.,

       Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

       Defendant.

No. 1:24-CV-03186-JAG

**ORDER REMANDING FOR FURTHER PROCEEDINGS**

    **BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response, and Plaintiff's Reply.  ECF Nos. 10, 15, 16.  Attorney James Tree represents Kyle C. (Plaintiff); Special Assistant United States Attorney Michonne L. Omo represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline.  ECF No. 3.  After reviewing the administrative record and briefs filed by the parties, **Plaintiff**'s Motion requesting remand is **GRANTED in part and denied in part**, such that the case is **REMANDED FOR FURTHER PROCEEDINGS.**

## I.    JURISDICTION

    Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on December 28, 2021, alleging disability since

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.  *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

July 31, 2021.  Tr. 17.  Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ).  Tr. 17.  A hearing was held on September 26, 2023, at which vocational expert Jaye Stutz, and Plaintiff, who was represented by counsel, testified.  Tr. 17.  ALJ Glenn G. Meyers presided.  Tr. 47-79.  The ALJ denied benefits on November 22, 2023.  Tr. 17-30.  The Appeals Council denied review on September 25, 2024.  Tr. 1-5.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on November 14, 2024.  ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in May 1994 and was 27 years old on the alleged onset date.  Tr. 29.  Plaintiff's past jobs include Small Engine Mechanic.  Tr. 28-29.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On November 22, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-30.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 28, 2021.  Tr. 19.

At *step two*, the ALJ found Plaintiff had the severe impairments of depressive disorder; anxiety disorder; post-traumatic stress disorder (PTSD); and attention deficit hyperactivity disorder (ADHD).  Tr. 19.

At *step three*, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 20.  The ALJ also found Plaintiff has the residual functional capacity (RFC) to perform light work as defined in CFR 416.967(b), with the following limitations:

> [A]ble to understand, remember, and carry out simple instructions and tasks; able to use judgment to make simple work-related decisions; cannot perform work requiring a specific production rate (such as assembly line work) or work that requires hourly quotas; can deal with only rare changes in the work setting; no contact with the public; capable of working in proximity to, but not in coordination with, co-workers; occasional contact with supervisors; and no work at heights or in proximity to hazardous conditions.

Tr 21.

At *step four*, the ALJ found Plaintiff could not perform past relevant work as a Small Engine Mechanic.  Tr. 28.

At *step five*, the ALJ found, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of Marker; Cleaner, Housekeeping; and Assembler, Small Products I.  Tr. 30.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 30.

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by not properly assessing Plaintiff's testimony and not properly assessing the medical opinions.

## VII.   DISCUSSION

### A.    <u>Medical Opinions.</u>

Plaintiff argues the ALJ erred by improperly evaluating the opinions of Dr. Comrie; Dr. Genthe; and Dr. Jenkins-Guarnieri.  ECF No. 10 at 13-20.  For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*  Supportability and consistency are explained in the regulations:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

### 1. *Dr. Comrie:*

Dr. Comrie reviewed Plaintiff's medical records in August 2022 and provided an assessment. Dr. Comrie opined that Plaintiff: could not do complex tasks; could maintain concentration, persistence, and pace (CPP) in increments of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

30 minutes; could have daily goals, but not production based quota goals; could have only superficial interaction with co-workers and supervisors; could make simple work related decisions regarding his workstation; and could complete a normal workday or workweek with an occasional need for additional breaks to manage mental health symptoms. Tr 96. The ALJ found Dr. Comrie's opinion "generally persuasive" and "generally consistent with the overall evidence" and noted Dr. Comrie's was more persuasive than Dr. Moore because he reviewed more records and was more consistent with the record as a whole. Tr 28. The ALJ further stated he relied on Dr. Comrie's opinion in determining the RFC. *Id*. Importantly, the ALJ did not include in his decision any reason why he did not rely on any portion of Dr. Comrie's opinion.

Plaintiff argues the ALJ erred in not considering three specific limitations included in Dr. Comrie's opinion. Dr. Comrie opined Plaintiff: "1) could maintain concentration, persistence, and pace (CPP) only 'in increments of 30 minutes;'" 2) was limited to 'superficial interaction with co-workers and supervisors;'" and 3) could complete a workday or week 'with the occasional need to an additional brief break [] to manage [psychological symptoms]." ECF No. 10 at 14, citing Tr. 96. The ALJ included these limitations in his summary of Dr. Comrie's opinion (Tr. 27), but Plaintiff asserts these were not accounted for in the RFC and the ALJ did not provide sufficient reasoning for not accounting for these portions of Dr. Comrie's opinion.

Defendant argues the ALJ's "decision as a whole explains why the RFC did not include all of the limitations Dr. Comrie assessed." ECF No. 15 at 15. Defendant urges the Court to consider the ALJ's decision as a whole in determining if the ALJ provided sufficient explanation for not including all of Dr. Comrie's limitations in the RFC. *Id*. In response, Plaintiff asserts Defendant's rationale on this point is "nothing more than an impermissible *post hoc*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

rationalization that directly contradicts the ALJ's own state conclusions, including the explicit statement the RFC was reached 'with reliance on the opinion of Dr. Comrie.'" ECF No. 16 at 8, citing Tr. 28.

The ALJ explicitly stated he found Dr. Comrie's opinion persuasive because it was well supported by the record and consistent with overall evidence. Tr. 28. The ALJ further stated he relied on the opinion of Dr. Comrie in determining the appropriate RFC. Tr. 28. However, there are limitations provided for in Dr. Comrie's opinion that are not addressed by the ALJ in the RFC and the ALJ's opinion does not clearly explain why. Specifically, Dr. Comrie's opinion that Plaintiff could only maintain concentration, persistence, and pace for thirty-minute increments was not specifically addressed. It is unclear why the ALJ did not provide for this in the RFC when he explicitly stated he found Dr. Comrie's opinion to be persuasive and relied upon his opinion in determining the RFC.

Defendant argues the ALJ appropriately addressed this limitation in other parts of his decision. ECF 15 at 15. Defendant points to Tr. 21 in support. It is correct that the ALJ discussed Plaintiff's concentration, persistence, and pace in this portion of the decision, however the ALJ did not address why the ALJ did not agree with that portion of Dr. Comrie's opinion, or, more specifically, why he did not find this limitation in Dr. Comrie's opinion to be persuasive. He referenced Plaintiff's self-reports and one exam by Dr. Genthe, but did not reference Dr. Comrie's assessment in making the finding that Plaintiff was only moderately limited in concentration, persistence, and pace. In supporting this finding, the ALJ failed to offer sufficient support for his conclusion, and, as argued by Plaintiff, Defendant's reliance on other portions of the opinion to support the ALJ's findings are impermissible *post hoc* rationalization.

The Ninth Circuit is clear that such *post hoc* rationalization is not sufficient to support the ALJ's conclusions and does not meet the requirement of specificity:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

"We are constrained to review the reasons the ALJ asserts." *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995).

In support of a finding of moderate limitations in concentrating, persisting, or maintaining pace, the ALJ reasoned:

> On mental status examinations, however, the claimant is generally noted to have intact attention and memory (see, e.g., Exhibit 9-F). Moreover, the claimant is able to engage in a wide range of routine activities, including preparing meals, handling his finances, and doing household chores, and can also perform work-like tasks, such as working on engines and cars, which suggest reasonably intact concentration. Accordingly, in the absence of more definitive evidence to the contrary, the undersigned finds the claimant is only moderately limited in this area.

Tr. 21. The ALJ did not mention Dr. Comrie's opinion in reaching this conclusion and only referenced one examination by Dr. Genthe. The ALJ pointed to Exhibit 9-F in support of his finding, but Dr. Genthe's report said "[h]e is likely able to maintain attention and concentration for brief periods of time, but unlikely for extended periods of time." Tr 375. This does not support the ALJ's conclusion that "the claimant is generally noted to have intact attention and memory." This statement from Dr. Genthe contradicts the ALJ's conclusion and is consistent with Dr. Comrie's opinion. Further, this examination by Dr. Genthe is the only medical opinion cited in support of this portion of the ALJ's opinion.

Dr. Comrie's limitation of superficial interaction with co-workers and supervisors is only partially addressed in the RFC and no reasoning was provided for how the ALJ assessed this limitation. The RFC provides Plaintiff can work "in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

proximity to, but no in coordination with, co-workers" and Plaintiff can have "occasional contact with supervisors." Tr 21. The requirement that Plaintiff can only work in proximity to co-workers aligns with Dr. Comrie's limitation of superficial interaction with co-workers. However, occasional contact with supervisors is not the same as limiting contact to superficial contact. Again, Defendant points to other portions of the decision to explain this deviation. Defendant cites the ALJ's finding that Plaintiff's reports of difficulty getting along with others was not supported by the record because Plaintiff was described as "open, cooperative, and friendly"; Plaintiff had no deficits in communication; Plaintiff spent time with friends and girlfriend; and Plaintiff was able to go shopping. ECF No 15 at 16, citing Tr. 20. That portion of the ALJ's decision does address the ALJ's determination of a moderate limitation in interacting with others, but, again, does not address why he did not find Dr. Comrie's opinion persuasive in this regard and cites records only from Dr. Genthe. Therefore, Defendant's argument is again an impermissible *post hoc* rationalization.

Finally, the ability to complete a workday or work week with an occasional need for breaks to manage symptoms was not clearly addressed by the ALJ. As above, Defendant points to other portions of the ALJ's opinion to support his finding. Defendant argues the ALJ found "while Plaintiff had difficulty maintaining employment, he had been able to access treatment and request assistance when necessary, take care of his basic needs, and engage in a range of activities, indicating his mental impairments did not prevent him from handling his day-to-day responsibility satisfactorily." ECF No 15 at 17, citing Tr. 21. As above, this is an impermissible *post hoc* rationalization. The ALJ made this finding in a different section of the opinion and failed to address why he found this portion of Dr. Comrie's opinion unpersuasive.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

Ultimately, the ALJ did not give any specific reasons for discounting any portion of Dr. Comrie's opinion.  Defendant pointed to several findings in other sections of the ALJ's decision in an attempt to explain why the ALJ did not adopt some portions of Dr. Comrie's opinion, but as noted by Plaintiff, these explanations amount to *post hoc* rationalization.  The ALJ explicitly stated he found Dr. Comrie's opinion persuasive yet did not follow some of his recommendations. The Court is permitted to review the reasons given by the ALJ only.  The Court cannot uphold the ALJ's opinion for a reason that is not articulated by the ALJ.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). *See also Garrison v. Colvin* 759 F.3d 995, 1010 (9th Cir.)(citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.")).

The ALJ gave explicit reasons for finding Dr. Comrie's opinion persuasive, including a finding that it was both consistent with the record and supported by other evidence in the record.  If the ALJ did not find some portions of Dr. Comrie's opinion persuasive and did not intend to rely on all of Dr. Comrie's opinion, he must articulate why those portions were not relied upon.  Accordingly, the ALJ erred by not providing any justification for discounting a portion of Dr. Comrie's opinion.  On remand, the ALJ is instructed to reconsider Dr. Comrie's opinion and provide sufficient justification if a portion of that opinion is discounted.

2.    ***Dr Genthe:***

Dr. Genthe assessed Plaintiff in October 2021 and August 2022.  Tr. 304-311, 370- 376.  Dr. Genthe conducted a telephonic evaluation on October 12, 2021,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

due to the COVID-19 outbreak.  Tr. 304-311.  Dr. Genthe opined that Plaintiff "appears to meet DSM-5 criteria for Attention Deficit Hyperactive Disorder, combined presentation, Major Depressive Disorder, with anxiety features and Social Phobia.  He may likely also have problematic personality traits, impairing his ability to function, which will have to be formally assessed."  Tr. 308.  Dr. Genthe found Plaintiff's prognosis to be "viewed as guarded" and found Plaintiff "unlikely to function adequately, and/or consistently in a work setting until his psychological symptoms have been managed more effectively."  Tr. 308.  Dr. Genthe opined Plaintiff would require "no less than 12 months" to address treatment needs "at least moderately well, and help him regain the necessary emotional functioning to resume fulltime work related activities."  Tr. 308.  Dr. Genthe found Plaintiff had marked limitations in: understanding, remembering, and persisting in tasks by following detailed instructions; adapting to changes in a routine work setting; communicating and performing effectively in a work setting; maintaining appropriate behavior in a work setting; completing a normal work day and work week without interruptions from psychologically based symptoms; and setting realistic goals and planning independently.  Tr. 307-308.  Dr. Genthe rated the overall severity as marked.  Tr. 308.

On August 11, 2022, Dr. Genthe conducted another evaluation, including a diagnostic interview, behavioral observations, and mental status examination. Tr. 370-375.  Dr. Genthe opined that Plaintiff's unmanaged symptoms are likely to interfere with initiating and maintaining future employment.  Tr. 375.  Dr. Genthe opined a period of not less than 12 months would be necessary to at least moderately address treatment needs and allow for fulltime work-related activities. Tr. 375.

The ALJ found Dr. Genthe's opinions to be persuasive in some aspects and unpersuasive in other aspects.  Tr. 27.  The ALJ noted Dr. Genthe's findings that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12

"the claimant is capable of understanding, remember [sic], and carrying out short and simple instructions in a reasonable amount of time, maintaining attention and concentration for brief periods, and maintaining a regular work schedule and completing a normal 40-hour work week is persuasive as these conclusions are well-supported by his examination findings and consistent with the record as a whole." Tr. 27. In contrast, the ALJ found Dr. Genthe's "opinion that the claimant cannot function adequately and/or consistently in a work setting, cannot communicate and perform effectively in a work setting; cannot maintain appropriate behavior in a work setting, has a fair to poor ability to interact with others, and is unable to respond appropriately to changes in a work setting is not persuasive." Tr. 27. The ALJ found the latter aspects of Dr. Genthe's opinion were not supported by his evaluation findings and not consistent with the record as whole. The ALJ noted Dr. Genthe's evaluation findings were not reflective of "more than minor difficulties." Tr. 27.

Plaintiff argues Dr. Genthe's findings are consistent with disability and with Plaintiff's allegations. ECF No. 10 at 16. Plaintiff cited POMS DI 25020.010(B)(3)(d), noting a person unable to maintain attention for extended periods of 2-hour segments is unable to perform unskilled work, and "the ability to get along with coworkers, accept instructions, and accept supervisor criticism are also critical in any work." *Id.* Plaintiff also pointed to the vocation expert's testimony opining that an employee cannot be absent more than once per month without resulting in termination. *Id*, citing Tr. 75. Plaintiff argues the ALJ harmfully erred in ignoring these portions of the reports.

Defendant argues the ALJ properly articulated consistency and supportability in finding Dr. Genthe's opinions were partially persuasive and in discounting the portions of Dr. Genthe's opinions the ALJ did not find persuasive. ECF No. 15 at 17. Defendant argues the ALJ found Dr. Genthe's more restrictive

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13

limitations inconsistent with the record because Plaintiff had not sought regular mental health treatment and engaged in a variety of daily activities. *Id* at 17-18; Tr. 27.

Plaintiff argues the ALJ's reliance on lack of treatment is harmful error. ECF No. 16 at 5. The Ninth Circuit has held that unexplained failure to seek or follow treatment recommendations can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication)). These cases can be differentiated from the instant case as they focus on a claimant's subjective pain complaints whereas in this case the issue is around subject complaints regarding mental health symptoms. The Ninth Circuit has found that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

Here, the ALJ did not provide any reasoning that shows consideration for why Plaintiff did not seek treatment. Therefore, the ALJ's determination that Plaintiff's mental health complaints are not credible because he failed to engage in mental health treatment is not sustainable. On remand, the ALJ is instructed to reconsider Dr. Genthe's opinions and consider reasons Plaintiff did not engage in treatment. The ALJ shall provide sufficient justification if a portion of that opinion is discounted.

### 3. *Dr. Jenkins-Guarnieri:*

The ALJ found Dr. Jenkins-Guarnieri's opinion to be "internally inconsistent, making it difficult to accurately assess its persuasiveness." Tr. 27. The ALJ found Dr. Jenkins-Guarnieri's opinion persuasive in his suggestion Plaintiff may overstate symptoms and symptom validity testing should be

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 14

performed; and Plaintiff would benefit from engaging in activities and routines, even if mental health symptoms are not resolved. Tr. 27-28. The ALJ found the portions of Dr. Jenkins-Guarnieri's opinion adopting Dr. Genthe's assessment of functioning unpersuasive. Tr. at 28.

Plaintiff asserts the ALJ misstated Dr. Jenkins-Guarnieri's opinion. ECF No. 10 at 18. Plaintiff contends Dr. Jenkins-Guarnieri did not state or suggest that Plaintiff overstated symptoms and he recommended further testing "to increase confidence in clinical data gathered during [the] clinical interview and used in decision-making. *Id*; Tr. 313. Plaintiff argues the ALJ's determination of Dr. Jenkins-Guarnieri's opinion as "somewhat internally inconsistent" (Tr. 27) is unsupported. ECF No. 10 at 19. Finally, Plaintiff contends the ALJ's finding of Dr. Jenkins-Guarnieri being unpersuasive due to only reviewing Dr. Genthe's report and no other records is explained by the fact that there were no other records available for review, therefore this finding that it is unpersuasive is error. *Id*.

Defendant fails to address the first two issues raised by Plaintiff regarding Dr. Jenkins-Guarnieri, and only focuses on the last. Defendant concedes there were no other records, but argues this is what makes the opinion less persuasive, and, further, undercuts Plaintiff's entire case. ECF No 15 at 19. Plaintiff argues this is not sufficient to discount the persuasiveness of Dr. Jenkins-Guarnieri. ECF No. 16 at 10.

Ultimately, the ALJ erred by improperly assessing Dr. Jenkins-Guarnieri's opinion. First, as Plaintiff noted, the ALJ misstated Dr. Jenkins-Guarnieri's opinion when he suggested further testing. Dr. Jenkins-Guarnieri did not state Plaintiff overstated his symptoms. Dr. Jenkins-Guarnieri did suggest further testing "in order to increase confidence in clinical data gathered during clinical interview and used in decision-making." Tr. 313. The ALJ stated he found this

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 15

portion of the opinion persuasive and used it support his conclusion, however, the ALJ misstated and mis-characterized this portion of the opinion.

Second, the ALJ's finding Dr. Jenkins-Guarnieri's opinion was "somewhat internally inconsistent" (Tr. 27) was not supported. The ALJ did not explain how he reached this conclusion but simply stated a conclusion. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Commissioner of Social Security*, 775 F.3d 1090, 1103 (9th Cir. 2014). The ALJ did not provide any reasoning for his conclusion that Dr. Jenkins-Guarnieri's opinion was "somewhat internally inconsistent."

Finally, the ALJ found Dr. Jenkins-Guarnieri's opinion to be less persuasive due to being based entirely on the review of Dr. Genthe's reports. Tr. 27. Given Dr. Genthe's reports were the only medical records available at the time, this is not a sufficient reason to discount his opinion. Because Dr. Jenkins-Guarnieri ultimately endorsed Dr. Genthe's assessment of Plaintiff's functioning, there is consistency between the two opinions. The ALJ did not make a finding that those opinions were inconsistent with later medical records. The ALJ further discounted Dr. Jenkins-Guarnieri's opinion because it was consistent with Dr. Genthe, relying on his reasoning for discounting Dr. Genthe's opinion. As the ALJ is already ordered to reconsider Dr. Genthe's opinion, reconsideration of Dr. Jenkins-Guarnieri's opinion is also necessary.

Upon remand, the ALJ is instructed to reconsider Dr. Jenkins-Guarnieri's opinion, taking into consideration the factors required by the regulations and considering the record as a whole, including the issues noted above as well as other aspects of Dr. Jenkins-Guarnieri's opinion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 16

**B.    Credibility.**

Plaintiff argues the ALJ erred by improperly assessing Plaintiff's testimony. ECF No. 10 at 2-13.  It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations largely relies on the ALJ's assessment of the medical evidence.  Having determined a remand is necessary to readdress the medical opinion evidence, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims.  Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 17

## VIII.    CONCLUSION

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

Plaintiff urges remand for immediate benefits based on the rejection of medical opinions and claimant testimony, ECF Nos. 10, 16.  In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated.  Further proceedings are necessary for the ALJ to properly address the medical opinions in the record, and to properly consider Plaintiff's testimony.  Additionally, the ALJ will supplement the record with any outstanding evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 18

The case is remanded for additional proceedings consistent with this Order. Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion, **ECF No. 10,** is **GRANTED IN PART**.

2. The Commissioner's decision is **REVERSED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to update the docket sheet to reflect the substitution of Leland Dudek as Defendant and file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for PLAINTIFF and the file shall be **CLOSED**.

DATED March 31, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 19